IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. 10-80729 |
| | ) | |
| **BRADLEY WORTH COLVARD** | ) | Chapter 13 |
| **JULIE PATTON COLVARD** | ) | |
| | ) | |
| SSN: XXX-XX-8178 | ) | |
| SSN: XXX-XX-5682 | ) | |
| | ) | |
| DEBTORS. | ) | |
| | ) | |
| | ) | |
| **BRADLEY WORTH COLVARD** | ) | |
| **JULIE PATTON COLVARD,** | ) | **ADVERSARY PROCEEDING** |
| | ) | **CASE NO. 11-09047** |
| SSN: XXX-XX-8178 | ) | |
| SSN: XXX-XX-5682 | ) | |
| | ) | |
| PLAINTIFFS, | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| **WELLS FARGO BANK, N.A.,** | ) | |
| | ) | |
| DEFENDANT. | ) | |

## MOTION TO DISMISS

**NOW COMES** Defendant, Wells Fargo Bank, N.A. (hereinafter "Wells Fargo"), by and through its counsel, and moves the Court to dismiss Plaintiffs' Adversary Proceeding pursuant to Federal Rule of Civil Procedure 12(b)(6) as made applicable by Federal Rule of Bankruptcy Procedure 7012. In support of its Motion, Wells Fargo shows the Court as follows:

1. Plaintiffs filed a Chapter 13 petition on June 30, 2009.

2. On the date of the petition, Plaintiffs were the owner of real property located at 28 Finish Line Road, Bahama, North Carolina (hereinafter "the real property").

1

3. Wells Fargo is the holder and servicer of a Promissory Note dated March 13, 2006 in the principal amount of $59,000.00. Said Note is secured by a Deed of Trust that was recorded on March 14, 2006 at Book 5140 at Pages 917-927 in the Durham County Register of Deeds, North Carolina. A true and accurate copy of the Note and Deed of Trust are attached hereto and incorporated herein by reference as **Exhibits A** and **B**, respectively.

4. The Plaintiffs Complaint alleges that Wells Fargo filed a Proof of Claim which failed to comply with FRBP 3001(d) in that the claim "was not accompanied by evidence that the security interest had been perfected."

5. On May 25, 2010, Wells Fargo filed a Proof of Claim which was accompanied by the first two pages and the signature page of the Deed of Trust, as well as the first and signature pages of the Note. The recordation information reflecting the Deed of Trust was properly perfected and recorded in Durham County in Book 5140 at Pages 917-927 was stamped on the first page of the Deed of Trust and attached to the Proof of Claim. A copy of the Proof of Claim as filed on May 25, 2010 is attached hereto and incorporated herein by reference as **Exhibit C**.

6. Plaintiffs rely upon 11 U.S.C. §506(d) and FRBP 3001 (d) to cancel a properly perfected lien that is fully secured. Plaintiffs Complaint does not give rise to a cause of action for the reasons set forth in Paragraph 5 and a dismissal with prejudice is warranted.

7. Plaintiffs cite *In re Adams*, 693 S.E. 2d 705, N.C. App (June 1, 2010) for the proposition that there is insufficient evidence of Wells Fargo's debt; however the Adams case is clearly distinguishable from the present facts. In Adams, there was no endorsement or Assignment of the Note to the alleged noteholder. In this case, Wells Fargo is the original and current noteholder and servicer of the loan, and further, the Deed of Trust reflects proper recordation.

8. Further, the majority view in bankruptcy courts in the Fourth Circuit is that a lack of documentation attached to a Proof of Claim is not, by itself, a basis for disallowance of the claim, and certainly not voidance of the lien as Plaintiffs' seek in this Complaint. See *In re Andrews*, 394 B.R. 384, 389 (Bankr. E.D.N.C. 2008)
*In re Herron,* 381 B.R. 184, 190 (Bankr.D.Md.2008); *In re Simms,* 2007 WL 4468682 at *2 (Bankr.N.D.W.Va.2007). Rather, the appropriate remedy for failure to properly document a claim under Rule 3001 is that

the claim loses its prima facie presumption of validity and amount. <u>In re Andrews</u>, 394 B.R. 384, 389 (Bankr. E.D.N.C. 2008) citing *In re Simms,* 2007 WL 4468682 at *2.

**WHEREFORE**, Wells Fargo, N.A. respectfully requests that this Court dismiss the Plaintiffs' Complaint with prejudice, award Wells Fargo its reasonable attorney's fees, and for such other and further relief as this Court deems just and proper.

This the 9th day of June, 2011.

       THE LAW FIRM OF HUTCHENS, SENTER & BRITTON, P.A.

       BY: s/Sarah D. Miranda
         SARAH D. MIRANDA
         Attorneys for Wells Fargo Bank, N.A.
         4317 Ramsey Street
         Post Office Box 2505
         Fayetteville, North Carolina 28302
         (910) 864-6888 / (910) 864-6177 *fax*
         State Bar No. 29354

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on this date this Motion to Dismiss was served upon the following parties by depositing a copy enclosed in a postpaid, properly addressed wrapper in a post office or official depository under the exclusive care and custody of the United States Postal Service or via the appropriate electronic servicer:

Plaintiffs:
Bradley Worth Colvard
Julie Patton Colvard
28 Finish Line Road
Bahama, North Carolina 27503

Attorney for Plaintiffs:
Edward C. Boltz
1738 Hillandale Road
Durham, North Carolina 27705

Bankruptcy Administrator:
Michael D. West
P.O. Box 1828
Greensboro, North Carolina 27402

Interested Party:
Richard M. Hutson, II
302 East Pettigrew Street
Suite B-140
P.O. Box 3613
Durham, North Carolina 27702

      This, the 9th day of June 2011.

      THE LAW FIRM OF HUTCHENS, SENTER & BRITTON, P.A.

      BY:   s/Sarah D. Miranda
          SARAH D. MIRANDA
          Attorneys for Wells Fargo Bank, N.A.
          4317 Ramsey Street
          Post Office Box 2505
          Fayetteville, North Carolina 28302
          (910) 864-6888 / (910) 864-6177 *fax*
          State Bar No. 29354